IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Speech Transcription, LLC**,<br><br>    Plaintiff,<br><br>vs.<br><br>**Portnox Security, LLC**,<br><br>    Defendant. | Civil Case No. 1:25-cv-00629<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

For its Complaint, Plaintiff Speech Transcription, LLC alleges as follows:

**PARTIES**

1.     Plaintiff is a Wyoming limited liability company with a principal place of business in Wyoming.

2.     On information and belief, Defendant Portnox Security, LLC ("Defendant") is a Texas company with a principal place of business at 5707 Southwest Parkway, Building Two, Suite 260, Austin, Texas 78735.

1

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because it has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8. On January 20, 2015, the U.S. Patent Office ("USPTO") duly and legally issued U.S. Patent No. 8,938,799 entitled "Security Protection Apparatus and Method for

Endpoint Computing Systems" ("the '799 patent"). Attached herewith as **Exhibit A** is a true and correct copy of the '799 patent.

9. Plaintiff is the owner of the '799 patent, possessing all rights of recovery under the patents including the exclusive right to recover for past, present and future infringement.

### COUNT ONE (Infringement of U.S. Patent No. 8,938,799)

11. Plaintiff refers to and incorporates the allegations in the foregoing paragraphs, the same as if set forth herein.

12. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

13. The '799 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '799 patent by making, using, offering to sell, selling and/or importing products including as specified in the infringement claim charts attached herewith as **Exhibit B**.

15. The acts of infringement include both direct and indirect infringement under 35 U.S.C. § 271(a)-(c), and literal infringement as well as infringement under the doctrine of equivalents.

16. At least since being served by this Complaint and corresponding claim chart, Defendant has knowingly continued to induce infringe the '799 patent.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

18. The acts of infringement complained of herein will continue unless Defendant is enjoined by this Court.

19. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20. Plaintiff is in compliance with 35 U.S.C. § 287.

## **DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38, Plaintiff requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives

notice of the order from further infringement of the '799 patent (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity, including costs and attorney fees under Fed. R. Civ. P. 54 and 35 U.S.C. § 285.

Dated: April 28, 2025

Respectfully submitted,

/s/ Stephen M. Lobbin
Stephen M. Lobbin (admitted in W.D. Tex.)
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
San Diego, California 92037
Tel: 949.636.1391
sml@smlavvocati.com

*Attorneys for Plaintiff*